**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ross,                              ) | No. CV 08-0371-PHX-MHM |
|             Plaintiff,             ) | |
| vs.                                ) | **ORDER** |
|                                    ) | |
| Steve Corich, et al.,              ) | |
|             Defendant.             ) | |

Presently pending before this Court is Defendants' John Steven Corich, Elvis Lynn Bray, Warren Helm Turner, Jr., Maricopa County Community College District, Motion Requesting Plaintiff "Ross" to Properly Identify Himself. (Dkt.#39). After reviewing the pleadings, and determining oral argument is unnecessary, the Court issues the following Order.

Throughout the course of litigation, Plaintiff has prosecuted his case through the use of pseudonym, "Ross." (See (Dkt.#1-2, 6, 11, 14, 27, 32.) Defendants have filed a motion arguing that Plaintiff's use of the psuedonym "Ross" violates Rule 10(a) and 17(a) of the Federal Rules of Civil Procedure. Rule 10(a) reads in part that "[t]he title of the complaint must name all the parties;" while Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." Given the dictates of these two rules, Defendants

1  have asked this Court to compel Plaintiff to reveal his "correct, full, legal name" to both the
2  Court and the opposing parties. (Dkt.#39, p. 4.)

3  "Lawsuits are public events," <u>Doe v. Frank</u>, 951 F.2d 320, 324 (11th Cir. 1992), and
4  the public has a legitimate interest in knowing "all facts and events surrounding court
5  proceedings." <u>Doe v. Rostker</u>, 89 F.R.D. 158, 160 (N.D. Cal. 1981). Besides the legitimate
6  public interest that is served by having our nation's courts open, opposing parties have a right
7  to know who they are litigating against. <u>Id.</u>

8  With these principals in mind, the Ninth Circuit has held that pleading through the use
9  of fictitious name is only permitted in the most unusual of cases. <u>Does I thru XXIII v.</u>
10 <u>Advanced Textile Corp.</u>, 214 F.3d 1058, 1067-68 (9th Cir. 2000). These are situations where
11 "nondisclosure of a party's identity is necessary to protect a person from harassment, injury,
12 ridicule, or personal embarrassment." <u>Advanced Textile</u>, 214 F.3d at 1067-68. The Ninth
13 Circuit has described three types of cases that are appropriate for fictitious pleading; (1)
14 where identification creates the risk of physical retaliation, <u>id.</u> at 1068; (2) where anonymity
15 is needed to protect highly personal information, such as medical reports or a person's sexual
16 orientation, <u>id.</u> (citing <u>Doe v. United Services Life Ins. Co.</u>, 123 F.R.D. 437 (S.D.N.Y.1988));
17 (3) and where anonymity protects a party from criminal prosecution. <u>Id.</u> (citing <u>Doe v.</u>
18 <u>Stegall</u>,653 F.2d 180 (5th Cir. 1981)).

19 These three cases form the backdrop of a balancing test used by this Circuit when
20 determining whether a plaintiff, such as "Ross," should be allowed to proceed under a
21 fictitious name. This balancing tests asks the Court to weigh the "party's need for anonymity
22 against "prejudice to the opposing party and the public's interest in knowing that party's
23 identity." <u>Advanced Textile</u>, 214 F.3d at 1068.

24 In the instant case, Plaintiff has no special need that would to allow him to proceed
25 before this Court under a false name. Indeed, in briefing submitted by these Defendants,
26 counsel for the Maricopa County Community College District told this Court that "Ross"
27 would be permitted to return to Mesa Community College to use the computer if he abided
28 by the rules of the campus, which ironically include identifying himself to school employees.

1 (Dkt.#39, p. 3).  Furthermore, The numerous Defendant's in this case have at a minimum the right to know who is suing them.

**Accordingly**,

**IT IS HEREBY ORDERED** granting Defendant's motion that Plaintiff provide the Court and all parties to this lawsuit with his full and correct legal name within 14 days of this Order. (Dkt.#39)

**IT IS FURTHER ORDERED** that failure to comply by Plaintiff will result in the involuntary dismissal of this case with prejudice.

DATED this 5th day of September, 2008.

_____
Mary H. Murguia
United States District Judge